1  | Keith A. Fink, Bar No. 146841
   | Sarah E. Hernandez, Bar No. 206305
2  | Olaf J. Muller, Bar No. 247372
   | KEITH A. FINK & ASSOCIATES
3  | 1990 Bundy Drive, Suite 620
   | Los Angeles, California 90025
4  | Telephone:  (310) 268-0780
   | Facsimile:    (310) 268-0790
5  |
   | Jeffrey S. Helfer, Bar No. 117863
6  | LAW OFFICES OF JEFFREY S. HELFER
   | 21700 Oxnard St, Suite 2020
7  | Woodland Hills, CA 91367
   | Telephone: (818) 715-0500
8  | Facsimile: (818) 719-9100

9  | Attorneys for Defendants
   | KEITH A. FINK,
10 | SARAH E. HERNANDEZ,
   | KEITH A. FINK & ASSOCIATES

11

12 |            UNITED STATES DISTRICT COURT

13 |      FOR THE CENTRAL DISTRICT OF CALIFORNIA

14

| JOAQUIM FINATO, an individual, | Case No.  **2:16-cv-06713 RGK(AJWx)** |
|---|---|
| Plaintiff, | **CROSS-COMPLAINANT KEITH A. FINK & ASSOCIATES'S SUPPLEMENTAL BRIEF RE: JURY TRIAL** |
| v. | |
| KEITH FINK AND ASSOCIATES; KEITH A. FINK; SARAH E. HERNANDEZ; and DOES 1-5, | Trial Date:  December 5, 2017<br>Trial Time: 9:00 a.m.<br>Trial Dept:  Courtroom 850 |
| Defendants. | Complaint Filed: September 9, 2016<br>Trial Date:  December 5, 2017 |

- 1 -

1    TO ALL PARTIES AND THEIR COUNSEL OF RECORD:

2            CROSS-COMPLAINANT KEITH A. FINK & ASSOCIATES ("KAF&A"

3    and/or "Cross-Complainant") hereby submits this Supplemental Brief regarding the

4    parties' right to a jury trial.

5    Dated: November 19, 2017            KEITH A. FINK & ASSOCIATES

6                            By:    ___/s/  Sarah E. Hernandez___
                                   Keith A. Fink
7                                  Sarah E. Hernandez
                                   Olaf J. Muller
8                                  Attorneys for Defendants
                                   KEITH A. FINK, SARAH E.
9                                  HERNANDEZ, KEITH A. FINK &
                                   ASSOCIATES
10

11   Dated: November 19, 2017            LAW OFFICES OF JEFFREY S. HELFER

12
                                   By:    ___/s/  Jeffrey S. Helfer___
13                                 Jeffrey S. Helfer
                                   Attorneys for Defendants
14                                 KEITH A. FINK, SARAH E.
                                   HERNANDEZ, KEITH A. FINK &
15                                 ASSOCIATES

16

17

18

19

20

21

22

23
                                   - 2 -
24

**SUPPLEMENTAL BRIEF**

**1.  INTRODUCTION**

This Brief is submitted on behalf of former DEFENDANT and CROSS-COMPLAINANT KEITH A. FINK & ASSOCIATES ("KAF&A" and/or "Cross-Complainant"). KAF&A is no longer a defendant to any active claims asserted by former PLAINTIFF and CROSS-DEFENDANT JOAQUIM FINATO ("J. Finato" and/or "Cross-Defendant"), all of which claims have been dismissed via 12(b)(6) Motion or Motion for Summary Adjudication. The sole remaining active claim is KAF&A's counter-claim for quantum meruit against Cross-Defendant J. Finato.

The sole purpose of this trial is to determine the reasonable value of services rendered by KAF&A on J. Finato's individual claims. KAF&A was reimbursed in part by the Los Angeles Superior Court for its work on behalf of J. Finato with respect to the class claims litigated. KAF&A was *not* reimbursed, however, for any work performed on behalf of J. Finato with respect to his individual employment-based claims. J. Finato does not dispute the fact that KAF&A worked on both sets of claims during the retention period. There is no dispute as to the fact that Finato retained KAF&A, nor is there any dispute that the parties entered into a fee agreement whereby KAF&A has a lien interest in Finato's settlement agreement in the Prior LASC Action.

KAF&A SUPP. BRIEF RE JURY TRIAL

2.   **LEGAL ARGUMENT**

2.1   **The Parties Are Not Entitled to a Jury Trial on the Limited Issue of the Reasonable Value of KAF&A's Legal Services.**

An action to recover attorney fees pursuant to a contract presents traditional common law contract issues which should be submitted to a jury. But the subsequent determination of the *amount* of attorney fees owed presents equitable issues of accounting which do not engage a Seventh Amendment right to a jury trial. *McGuire v. Russell Miller, Inc.* (2nd Cir. 1993) 1 F.3d 1306, 1314; *Simler v. Conner* (1963) 372 US 221, 233, 83 S.Ct. 609, 611—dispute about terms of contingent fee retainer contract depended on traditional common law contract issues that should be submitted to jury].

Here, the parties are not entitled to a jury trial as a matter of constitutional law. The parties indisputably entered into a written contingency fee agreement with a quantum meruit lien. *Complaint* [Dkt. No. 1] at pp. 5-6; Ex. A to Complaint [Dkt. No. 1-1] at pp. 2-6; 01/19/17 Order [Dkt. No. 31] at p. 6. KAF&A indisputably performed as legal counsel to Plaintiff in the Prior LASC Action, successfully litigating the matter to terminating sanctions against Plaintiff's former employer and successfully negotiating settlement terms presented to Plaintiff and his wife and co-client Claudia. *Complaint* [Dkt. No. 1] at pp. 6-10; *Decl. Claudia Finato* [Dkt. No. 85-2] at pp. 4-10. Following Plaintiff's unilateral termination of KAF&A's services, Plaintiff reached a separate settlement with his former employer. *Complaint* [Dkt. No. 1] at pp. 14-15. Pursuant to the lien terms of the contingency fee agreement,

- 4 -

1  KAF&A was entitled to some quantum meruit portion of this separate settlement

2  commensurate with services rendered on Plaintiff's individual claims. Ex. A to

3  Complaint [Dkt. No. 1-1] at p. 4; 01/19/17 Order [Dkt. No. 31] at p. 6. KAF&A

4  agrees that it is not entitled to compensation for the class claims because those were

5  subject to a separate fees award issued in the Prior LASC Action. Plaintiff

6  indisputably has refused to share any part of his post-termination settlement with

7  KAF&A in breach of the contingency fee agreement, going so far as to sue KAF&A

8  in this action for noticing a lien entitlement for the same. *See generally Complaint*

9  [Dkt. No. 1]. The trial, therefore, centers solely on a determination of this reasonable

10  value, not *whether* the services rendered or *whether* KAF&A has grounds to seek the

11  reasonable value of its services in the first place. For this reason, the parties will not

12  have any constitutional right to a jury trial on this limited issue. *McGuire v. Russell*

13  *Miller, Inc.* (2nd Cir. 1993) 1 F.3d 1306, 1314; *Simler v. Conner* (1963) 372 US 221,

14  233, 83 S.Ct. 609, 611; *In re County of Orange* (C.D.Ca. Nov. 10, 1999) 241 B.R. 212,

15  218 ["determination of appropriate attorney fees after an underlying action is

16  traditionally an equity matter…. [T]he Court determines… an appropriate fee under

17  the agreement and the legal rules governing attorneys fees"].

**3.  CONCLUSION**

19      For the foregoing reasons, KAF&A respectfully requests that this Court

20  ORDER that the remaining claim at issue be set for a bench trial.

- 5 -

KAF&A SUPP. BRIEF RE JURY TRIAL

Dated: November 19, 2017            KEITH A. FINK & ASSOCIATES

                          By:      _____/s/  Sarah E. Hernandez_____
                                   Keith A. Fink
                                   Sarah E. Hernandez
                                   Olaf J. Muller
                                   Attorneys for Defendants
                                   KEITH A. FINK, SARAH E.
                                   HERNANDEZ, KEITH A. FINK &
                                   ASSOCIATES


Dated: November 19, 2017            LAW OFFICES OF JEFFREY S. HELFER

                          By:      _____/s/  Jeffrey S. Helfer_____
                                   Jeffrey S. Helfer
                                   Attorneys for Defendants
                                   KEITH A. FINK, SARAH E.
                                   HERNANDEZ, KEITH A. FINK &
                                   ASSOCIATES

- 6 -